## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NORTH CAROLINA
## EASTERN DIVISION
## CIVIL ACTION NO.: 5:24-CV-00031-BO

| | | |
|---|---|---|
| **Ronald S. Lasorsa** | ) | **PLAINTIFF'S REPLY and** |
| **Plaintiff,** | ) | **MOTION FOR DEFAULT** |
| **v.** | ) | **JUDGMENT** |
| | ) | |
| **J. Edward Bell III, Esq.** | ) | |
| **Defendant.** | ) | |

       Pro Se Plaintiff, RONALD S. LASORSA, swears the following to be true, under penalty of perjury:

1.     I am the Pro Se Plaintiff, RONALD S. LASORSA (the "Plaintiff") in the above action. As such, I am fully familiar with the facts and circumstances of this matter.

2.     This affidavit is submitted in opposition to the Motion to Dismiss, of the Defendant, J. Edward Bell III, Esq. (the "Defendant") filed on February 13, 2024, by his attorneys, and to move for a Judgment of Default against the Defendant and in favor of the Plaintiff.

### THE DEFENDANT'S MOTION TO DISMISS MUST BE DENIED

3.     Plaintiff filed the Summons and Complaint in this matter on January 18th, 2024.

4.     The Defendant was served with the Summons and Complaint on January 19th, 2024.

5.     Defendant has not filed an Answer to the Summons and Complaint in this matter.

6.     Defendant filed the instant Motion to Dismiss on February 13th, 2024.

7.     FRCP Rule 12 (a)(1)(A) states, "A defendant must serve an answer: (i)within 21 days after being served with the summons and complaint."

8. Filing a Motion to Dismiss may, at this Court's discretion, serve to toll the Defendant's time to serve his Answer to the Complaint, but the Defendant's Motion herein, was untimely.

9. The Fourth Circuit has upheld that the filing a 12(b)(6) motion to dismiss will not presumptively toll the time required to plead an Answer. In cases where it does, those 12(b)(6) motions are filed within the requisite time period to file an Answer.

10. A review of this Court's holdings makes it clear that it does not grant carte blanche to the Defendant, to submit his Motion to Dismiss whenever he decides.

11. As an attorney, being represented by attorneys, there is no reasonable excuse for the Defendant's response to be untimely. The Plaintiff herein has adhered to the Rules of the Court, while the Defendant has chosen to ignore them.

12. The Defendant failed to file his Motion to Dismiss within the timeframe proscribed by the Federal Rules and the Courts to file his Answer. The timeframe within which to file his Answer cannot be tolled by his instant Motion. The twenty-one (21) days lapsed on February 9th, 2024, and Defendant filed the instant Motion to Dismiss on February 13th, 2024.

13. As per the Federal Rules, and the Rules of this Court, a 12(b)(6) motion can be filed in lieu of an Answer but must be filed within the proscribed time to serve the answer.

14. The Defendant's Motion to Dismiss is untimely. It was filed after the time to Answer the Complaint had lapsed. Respectfully, this Court must deny the Defendant's Motion to Dismiss, as it is a futile effort to preserve a timeframe that no longer exists.

## PLAINTIFF MUST BE AWARDED A DEFAULT JUDGMENT

15.    Plaintiff filed the Summons and Complaint in this matter on January 18th, 2024.

16.    The Defendant was served with the Summons and Complaint on January 19th, 2024.

17.    FRCP Rule 12 (a)(1)(A) states, "A defendant must serve an answer: (i)within 21 days after being served with the summons and complaint."

18.    Defendant has not filed his Answer within the timeframe proscribed by the Federal Rules and the Courts. The Defendant has defaulted. Defendant's failure to Answer the Plaintiff's Summons and Complaint has triggered the default judgment provisions of FRCP Rule 55.

19.    As described above, the Defendant is a long-practicing attorney, being represented by a nationally renowned law firm. There is no reasonable excuse to have allowed the time within which to Answer the Plaintiff's Complaint, to lapse without a response. The twenty-one (21) days lapsed on February 9th, 2024.

20.    The Plaintiff moves for this Court to award a Judgment of Default against the Defendant, and in favor of the Plaintiff, along with all of the relief prayed for in Plaintiff's Complaint.

## ARGUMENT IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

21.    The Defendant's Motion to Dismiss relies on the "Plausibility Standard." Reading the *Twombly* and *Iqbal* cases thoroughly, they require the Plaintiff "…to articulate facts, when accepted as true, that "show" that the plaintiff has stated a claim entitling him to

relief...the plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

22.    *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal* have established a framework for evaluating motions to dismiss under Rule 12(b)(6), but the application of these standards must be tempered by considerations of fairness, and the unique circumstances of each individual case. In *Swierkiewicz v. Sorema N.A.,* the Supreme Court emphasized that "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations". 534 U.S. 506, 514 (2002). In that case, the Court held that a Plaintiff does not need to plead specific facts that establish a prima facie case in a complaint to survive a motion to dismiss for failing to state a claim. The Plaintiff's Complaint satisfies these conditions, to warrant a denial of the instant Motion to Dismiss.

23.    Defendant is lead counsel in a Mass Tort action, the sole purpose of which is to provide relief to those who were affected by deplorable conditions on Camp Lejeune. As such, he has a duty to all of those potential plaintiffs. The Defendant is a fiduciary for that entire group of potential plaintiffs. The Defendant's actions in the Camp Lejeune Water Litigation ("CLWL") matter, directly affect each and every potential plaintiff, even if some have retained their own counsel.

24.    If the Defendant failed to act according to the Court's rules in the CLWL, and those actions harmed the CLWL case, then every plaintiff and potential plaintiff would have a complaint against the Defendant based on those actions. There is a duty that the Defendant has to each potential plaintiff. If his actions specifically and purposefully

4

excluded potential plaintiffs from even making a claim for relief, then he has breached his duty to those potential plaintiffs.

25.    The Defendant drafted the legislation which excluded the Plaintiff, along with countless other potential plaintiffs, who were harmed by the conditions on Camp Lejeune. His role as Lead Counsel creates an inherent duty to safeguard the rights of those affected by the conditions on Camp Lejeune. By arbitrarily identifying the potential class of plaintiffs in the CLWL based upon the years selected, the Defendant has knowingly and negligently excluded potential plaintiffs from seeking relief.

26.    Plaintiff's argument is that the use of any dates to identify the potential plaintiffs in the CLWL, denies countless people who were affected by the conditions set forth therein, the opportunity to seek relief for their pain and damages. That the Plaintiff's family is one of those countless families, is an example of the arbitrary and capricious nature of the Defendant's actions.

27.    The Plaintiff read about the Defendant's history with this issue. The Plaintiff heard the Defendant speak about the CLWL, the Camp Lejeune Justice Act, the role the Defendant played in actually writing the law, and The Defendant's appointment as lead counsel in the matter. As any reasonable person would, the Plaintiff took all of the above to mean that the Defendant was representing his - the Plaintiff's - rights, the rights of the Plaintiff's family, and the rights of *all* of the people affected on Camp Lejeune - to whom the Defendant had a duty. His failure to do so is a breach of that duty.

28.    Since 1991, the District of Columbia allows for non-attorney ownership in law firms. Such ownership does not supplant the education that lawyers receive in law school, and

5

throughout their careers as practicing attorneys. In fact, firms that do have a non-lawyer as a partner must identify that person as such. The Plaintiff herein is not an attorney and has never held himself out to be an attorney. While the Plaintiff has been consistent with his adherence to the rules of this honorable Court, any leniency typically granted to *pro* se parties, would not be misplaced.

29. In an interview regarding the early goings of the Camp Lejeune Water Litigation, with Michael J. Swanson in 2017, the Defendant states specifically, "I think some of the biggest challenges that we as lawyers face is the seeming erosion of the ability for individuals to go court. It seems like everybody's wanting to limit that right. I wish the Second Amendment fighters for gun control, would fight as hard for the Seventh Amendment." (See, https://www.youtube.com/watch?v=9XJVSOLdo3c)

30. Given his stated favor for liberal access to the Courts for all people, it is ironic that the Defendant would attempt to deprive the Plaintiff of having his day in Court, with his Motion to Dismiss.

31. The Plaintiff did not start out on this journey with an adversarial mindset and hopes that there can be a place of understanding between both parties herein. I have exhausted every option available to me, of which I am aware, to call attention to this situation and the injustice that is being perpetrated. Of course, I am asking for relief for myself and my family. That is the basis of this action. But there is more at play than just the breach of duty to me. The fraud that is inherent in Mass Tort litigation like the CLWL, is a breach of duty to every plaintiff and potential plaintiff affected by Camp Lejeune.

32. The Defendant reached out to the Plaintiff, after receiving the Summons and Complaint in this matter. He expressed his understanding for the positions taken therein. He

6

admitted that there was an issue with fraud in the CLWL. The Defendant extended an

offer to work together toward a common goal of mitigating, and eventually eliminating

fraudulent claims, which only serve to diminish the relief available for actual plaintiffs.

His admission of the existence of the fraud in the CLWL, is grounds enough to award

the relief sought by this Plaintiff; and to warrant denial of his Motion to Dismiss.

33. In considering *Casey v. Denton,* there are several issues to recognize. First, this is a

case from the Southern District of Illinois, and not even close to controlling for this

honorable Court. Second, this case addresses the issue of whether remand to state court

is appropriate, not the duty of lead counsel to the class of plaintiffs. Finally, in an

article entitled *The Responsibilities of Lead Lawyers and Judges in Multidistrict

Litigation,* Professor Charlie Silver writes, "given that both lawyers who represent

individual claimants and lawyers who handle class actions are fiduciaries, it would be

surprising to discover that lead lawyers in MDLs were not… given the dearth of

authority directly on point, judges may take guidance from other bodies of law. If they

do, they will quickly conclude that lead attorneys are fiduciaries. Mass tort lawyers are

fiduciaries, and so are lawyers who represent plaintive classes. These examples are the

most analogous to lead counsel." 79 Fordham L. Rev. 1985 (2011)

https://ir.lawnet.fordham.edu/flr/vol79/iss5/6

34. I would ask this honorable Court to consider, that as Lead Counsel on the CLWL

matter, the Defendant is a fiduciary, and does have a duty to the plaintiffs and potential

plaintiffs therein, including this Plaintiff.

35. Fraudulent claims are being included in the class of CLWL plaintiffs. Those fraudulent

plaintiffs are stealing relief from those who were actually harmed on Camp Lejeune.

The Defendant agrees that fraud exists as a matter of statistical fact and has expressed interest in working together to mitigate and eliminate that fraud. The Plaintiff herein, is an expert in the field of legal intake fraud, has filed multiple Amicus Briefs to the CLWL Court, and filed an SEC Whistleblower report in October of 2022, on the development of large dockets of mass tort and class action cases. The Plaintiff's statements about the existence of fraud in the CLWL is not an attack on ethical attorneys. As we all know, however, bad actors take advantage of the system in place, to their own benefit. In the case of the CLWL, those actors are depriving actual claimants of relief, for their own financial reward. The unethical attorneys participating in this fraud are concerned with their own bottom line, and not the benefit of the veterans and citizens who were harmed on Camp Lejeune.

36.     The Defendant's acknowledgment of the fraud, but failure to act against it, is derelict, and negligent, and is a breach of his duty to the Plaintiff herein, and all of the actual claimants in the CLWL. A system exists which will eliminate all fraud in the CLWL and all Mass Tort and class action litigation. The implementation of this system will create a new standard on which the Courts can rely to effectively award relief to those who deserve it.

37.     The Defendant, acting as an agent of the government, has denied the Plaintiff due process under the 14th Amendment. The Defendant was asked why he decided on the dates that are in the CLWL, and his response was, "We had to cut it off somewhere." The Plaintiff, and countless people just like him, have been denied the opportunity to even seek relief for the harms they suffered, due to the language and text that the Defendant used to craft the Camp Lejeune Justice Act ("CLJA") and the CLWL.

38.     The Plaintiff seeks justice for himself, for his family, and for those who have been denied access to the relief that was earmarked specifically for them. The Plaintiff seeks his day in Court, so he can be heard.

39.     The Plaintiff asks this Honorable Court for an Order Denying the Defendant's Motion to Dismiss; Granting Default Judgment to the Plaintiff on the underlying Complaint; and for such other and further relief as this Court deems just and proper.

DATED: February 23rd, 2024

                                        Respectfully submitted,

                                        Ronald S. Lasorsa
                                        Pro Se Plaintiff
                                        121 Sharpsburg Road
                                        Sharpsburg, KY 40374
                                        rsl@nobetteradvocate.com
                                        407.516.0196

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the Plaintiff's Reply and Motion for Default Judgment on February 23rd, 2024, by Certified Mail Return Receipt Requested on the following:

Jeremy A. Stephenson, N.C. Bar 34623
525 North Tryon Street, Suite 1600
Charlotte, NC 28202
jeremy.stephenson@wilsonelser.com
Attorney for Defendant

Dated: February 23rd, 2024

Ronald S. Lasorsa
Pro Se Plaintiff
121 Sharpsburg Road
Sharpsburg, KY 40374
rsl@nobetteradvocate.com
407.516.0196