IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00031-BO

| | |
|---|---|
| RONALD S. LASORSA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>J. EDWARD BELL III, ESQ.,<br><br>　　　　Defendant, | **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS, and RESPONSE TO PLAINTIFF'S "MOTION FOR DEFAULT"** |

COMES NOW Defendant, J. Edward Bell III, Esq. ("Defendant"), by and through its undersigned counsel, pursuant to Local Rule 7.1(g)(1), files this reply memorandum in further support of his pending Motion to Dismiss, and in response to Plaintiff's attempted "motion for default judgment".

I. **INTRODUCTION**

On January 18, 2024, Plaintiff filed his pro se Complaint in this matter [DE-1], attempting to plead claims for "negligence" and "due process violation" against Defendant, who is one of the lead class attorneys in the Camp Lejune litigation, generally on the basis that Defendant owed legal duties to non-class members, such as Plaintiff.

On January 19, 2024, Plaintiff attempted personal service, as addressed below, unsuccessfully. On January 22, 2024, Plaintiff attempted service via certified mail, as addressed below, also unsuccessfully. [See, Plaintiff's Affidavit of Service, DE-9].

Notwithstanding such issues with service, on February 13, 2024, Defendant filed his motion to dismiss and memorandum in support. [DE-5 and 6]. On February 27, 2024, Plaintiff filed his Response to Defendant's Motion to Dismiss, and contained therein also attempted to make and motion for default judgment. [DE- 9].

For reasons addressed below, this Court should grant Defendant's Motion to Dismiss, and to the extent Plaintiff has properly pled a "Motion for Default", also deny such Motion.

## II. REPLY IN SUPPORT OF MOTION TO DISMISS

On the merits, Plaintiff's Response fails to directly address any of the deficiencies in his Complaint that Defendant raised in his Motion to Dismiss. Defendant's Motion to Dismiss argues Congress, not Defendant, wrote the Camp Lejeune Justice Act. Defendant clearly states in his Motion that Plaintiff failed to allege an actionable duty Defendant owes him and even if Defendant owed Plaintiff a duty, none was breached. Defendant clearly explains Plaintiff's Fourteenth Amendment fails because it only applies to actions of a state government not to actions of an individual. Plaintiff's Response, DE-9, completely fails to address any of the deficiencies in his Complaint, and for this reason, Defendant's Motion to Dismiss, DE-5, should be granted.

## III. RESPONSE TO PLAINTIFF'S MOTION FOR DEFAULT

In his Response to Defendant's Motion to Dismiss, DE-9, Plaintiff inserts a sub-section of his brief he calls "Motion for Default Judgment". Plaintiff's Motion for Default is not properly before this Court because Defendant failed to comply with Local Rule 55.1(a). Plaintiff's Motion for Default should be denied as it is procedurally improper on its face. Even considered substantively, it should be denied because Defendant is not in default.

Plaintiff filed an Affidavit of Service with his Response showing he failed to perfect service on Defendant on January 19, 2024, and service by certified mail on January 22, 2024 was also improper pursuant to Fed. R. Civ. P. 4(e)(1)-(2) and N.C. Gen. Stat. § 1A-4, Rule 4(j)(1)(a)-(e). Furthermore, Plaintiff's Motion for Default should be denied because he failed to file the affidavit of service with the Court pursuant to Fed. R. Civ. P. 4(l)(1). Lastly, Plaintiff's Motion for Default should be denied because Defendant has pled, filing his Motion to Dismiss prior to Plaintiff's

293753746v.1
Case 5:24-cv-00031-BO-RN   Document 10   Filed 03/04/24   Page 2 of 10

Motion for Default, and Defendant can show good cause for why an entry of default should not be entered pursuant to Fed. R. Civ. P. 55.

### A. Plaintiff's Motion for Default Should Be Denied Because Plaintiff Failed to Perfect Service on Defendant Pursuant to Rule 4(e).

Plaintiff's Motion for Default should be denied because Plaintiff failed to properly perfect service on Defendant. "Before a default or default judgment may be entered against a defendant, service of process must be effective under the Federal Rules of Civil Procedure." *Joe Hand Promotions, Inc. v. GFL United LLC*, 645 F. Supp. 3d 530, 534 (M.D.N.C 2022); *See also*, *Shreve v. Wolfe*, 2021 U.S. Dist. LEXIS 161600, at *2 (E.D.N.C August 26, 2021). "The party moving for default judgment must still show that the defaulted party was properly served." *Joe Hand Promotions, Inc. v. GFL United LLC*, 645 F. Supp. 3d 530, 534 (M.D.N.C 2022). This is because "absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Joe Hand Promotions, Inc. v. GFL United LLC*, 645 F. Supp. 3d 530, 534 (M.D.N.C 2022); *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998). Further, an "entry of default may be vacated for failure of service of process." *Joe Hand Promotions, Inc. v. GFL United LLC*, 645 F. Supp. 3d 530, 534 (M.D.N.C 2022); *U.S. ex rel. Combustion Sys. Sales, Inc. v. E. Metal Prods. & Fabricators, Inc.*, 112 F.R.D. 685, 690 (M.D.N.C. 1986).

An individual may be served in four ways, (1) "following state law," (2) "delivering a copy of the summons and of the complaint to the individual personally," (3) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1)-(2). North Carolina law provides for similar methods for service on an individual. N.C. Gen. Stat. § 1A-4, Rule 4(j)(1)(a-e). Service on an

individual can be made by delivering a copy of the summons and complaint to a natural person at their "dwelling house or usual place of abode", on "an agent authorized by appointment or by law to be served or to accept service of process", or service via "registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." *Id*.

1. Plaintiff failed to perfect service on Defendant on January 19, 2024

Plaintiff's Motion for Default should be dismissed because Defendant was not properly served on January 19, 2024 pursuant to Fed. R. Civ. P. 4(e)(1)-(2) or N.C. Gen. Stat. § 1A-4, Rule 4(j)(1)(a)-(e). Defendant, an individual, is the sole Defendant in this lawsuit. See, DE-1. Plaintiff argues in his motion for default he served Defendant on January 19, 2024, and therefore, Defendant's Motion to Dismiss was not filed timely on February 13, 2024. However, such service was improper and Defendant cannot be in default.

Under Fed. R. Civ. P. 4(e)(1)-(2) and N.C. Gen. Stat. § 1A-4, Rule 4(j)(1)(a)-(e), Defendant was not individually served on January 19, 2024 pursuant to Fed. R. Civ. P. 4(e)(2)(A) because he was out of the country as is stated in Plaintiff's affidavit of service. *See* Pl. Aff. of Serv. Defendant was not served at his "usual place of abode" on January 19, 2024 pursuant to Fed. R. Civ. P. 4(e)(2)(B) and N.C. Gen. Stat. § 1A-4, Rule 4(j)(1)(a) but was instead served at his law firm, Bell Legal Group, LLC. *See* Pl. Aff. of Serv.

Morgan Derrick, a legal assistant at Bell Legal Group, LLC, and allegedly accepted the papers, is not authorized to act as an agent on behalf of Defendant, in accepting service on his behalf. *See* Def. Affidavit. As this Court previously ruled, "service of process cannot be effected upon Defendant by serving at his place of employment individuals who are not authorized to accept service of process." *Shreve v. Wolfe*, 2021 U.S. Dist. LEXIS 161600, at *7 (E.D.N.C August 26, 2021); *Eg Watson v. Jiffy Lube Lube Core*, No. 5:10-CV-00572-F, 2011 U.S. Dist. LEXIS 63468,

at *5 (E.D.N.C. June 15, 2011). This Court also holds presumption of valid service "may be rebutted with affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant." *Shreve v. Wolfe*, 2021 U.S. Dist. LEXIS 161600, at *3. Because Morgan Derrick is not authorized to accept service on behalf of Defendant, and Defendant's affidavit rebuts Plaintiff's presumption of valid service on January 19, 2024, the deadline for the filing of Defendant's answer has yet begun to run. Therefore, Defendant is not in default and Plaintiff's motion for default should be denied.

2. Plaintiff failed to perfect service on Defendant on January 22, 2024

Plaintiff's Motion for Default should be dismissed because Defendant was not properly served via certified mail on January 22, 2024 pursuant to Fed. R. Civ. P. 4(e)(1) and N.C. Gen. Stat. § 1A-4, Rule 4(j)(1)(c) & (e). N.C. Gen. Stat. § 1A-4, Rule 4(j)(1)(c) states service on an individual can be perfected "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, *addressed to the party to be served, and delivering to the addressee*". (emphasis added). N.C. Gen. Stat. § 1A-4, Rule 4(j)(1)(e) states service on an individual can be perfected "by mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, *addressed to the party to be served, and delivering to the addressee*." (emphasis added). Here, Plaintiff addressed the certified mail to Bell Legal Group, LLC, who is not a named party in this lawsuit. *See*, Plaintiff's Aff. of Service. It was not addressed to Defendant as required by N.C. Gen. Stat. § 1A-4, Rule 4(j)(1)(c) & (e). Because Plaintiff clearly failed to perfect service on Defendant pursuant to Fed. R. Civ. P. 4(e)(1) and N.C. Gen. Stat. § 1A-4, Rule 4(j)(1)(c) & (e), the deadline for the filing of Defendant's answer has yet begun to run. Therefore, Defendant is not in default and Plaintiff's motion for default should be denied.

### B. Plaintiff's Motion for Default Should Be Denied Because Defendant Filed Pleading and Is Defending the Case and Can Demonstrate a Good Cause Why An Entry of Default Should Be Denied.

Plaintiff's Motion for Default should be denied because Defendant has pled, filing his Motion to Dismiss prior to Plaintiff's "Motion for Default", and can show good cause for why an entry of default should not be entered pursuant to Fed. R. Civ. P. 55. Federal Rule of Civil Procedure 55(a) provides that entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." "When confronted with a motion for default judgment, a court may either grant the motion under Federal Rule of Civil Procedure 55(b)(2) or set aside the entry of default for good cause under Rule 55(c)." Joe Hand Promotions, Inc. v. GFL United LLC, 645 F. Supp. 3d 530, 534 (M.D.N.C. December 9, 2022). In considering a motion to set aside an entry of default, the Fourth Circuit has stated:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

*Payne v. Brake*, 439 F.3d 198. 204-205 (4th Cir. 2006). The United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

In *Schleehauf v. PCL Constr., Inc.*, defendant filed a motion to dismiss *pro se* Plaintiff's claim to which plaintiff filed a motion for default. 2021 U.S. Dist. LEXIS 188494, at 1-2 (W.D.N.C September 2, 2021). Defendant responded to plaintiff's motion to default and argued "default judgment would be inappropriate since Defendant has not only appeared in this lawsuit, but has also respectfully moved to dismiss Plaintiff's Complaint." *Id*. at 13. The court held that "Defendant

is evidently not in default in this case, for default is appropriate only where a defendant 'has failed to plead or otherwise defend.'" *Id*. at 13-14.

In *Dow v. Jones*, plaintiff asserted that defendant was properly served on June 19, 2022 and then moved for an entry of default on July 15, 2022 for defendant's failure to timely answer or defend. 232 F. Supp. 2d 491, 494 (D.Md. 2002). However, the court's record evidenced defendant filed his motion to dismiss on July 12, 2022, or three days before Plaintiff filed the request for entry of default. *Id*. Plaintiff responded to defendant's motion to dismiss on July 29, 2022. *Id*. The court pointed out defendant's motion to dismiss was untimely by only three days and plaintiff was not substantially prejudiced by the delay because plaintiff responded to defendant's motion to dismiss. *Id*. at 494-95. The court held based upon the "Fourth Circuit's strong preference that cases be decided on their merits, this court will exercise its discretion and deny plaintiff's request for an entry of default." *Id*. at 495.

Plaintiff's motion for default should be denied because Defendant filed pleadings, is defending the case, and can show good cause for why default should not be entered. Default under Fed. R. Civ. P. 55(a) is only appropriate where a party has "failed to plead or otherwise defend." Analogous to *Schleehauf*, Defendant appeared and filed its motion to dismiss Plaintiff's complaint for failure to state a claim on February 13, 2024. As in *Dow* and even assuming *arguendo* Plaintiff did perfect service on January 19, 2024, Defendant filed his motion to dismiss a few days after the alleged expiration of the time to answer and fourteen days before Plaintiff filed his Motion for Default. For these reasons, Plaintiff's motion for default should be denied.

Further, Defendant can show good cause as to why Plaintiff's Motion for Default should not be granted pursuant to Fed. R. Civ. P. 55(c). Defendant has presented a meritorious defense as is outlined in its motion to dismiss Plaintiff's complaint for failure to state a claim. Despite

Plaintiff's claims to the contrary, Defendant acted responsibly and responded with reasonable promptness to Plaintiff's complaint.  Because Plaintiff's alleged personal service on Defendant on January 19, 2024 was improper for the reasons stated above, Defendant based his time to respond on his alleged service by certified mail, which signed for on January 24, 2024. *See* Pl. Aff. of Serv.  Based on this analysis, Defendant's motion to dismiss was timely filed.  Like in *Dow*, Plaintiff has not been substantially prejudiced because Defendant's motion to dismiss was either timely filed based upon the January 24, 2024 certified mail service date or Defendant's motion to dismiss was at most filed four days late.  Plaintiff's Motion for Default should be denied because Defendant has clearly shown that he has answered and is defending the suit, that he has answered timely based upon Plaintiff's improper service as discussed above, and that he has shown good cause for why default should not be granted in this case in the event it is found that service was proper.

IV. **CONCLUSION**

For the reasons stated above and previously stated in Defendant's memorandum in support of his motion to dismiss, the Court should dismiss Causes of Action One and Two with prejudice for failure to state a claim upon which relief can be granted, and hold that the primary jurisdiction doctrine warrants dismissal of this action in its entirety or a stay of this entire action.

This 4th day of March, 2024.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

/s/ Jeremy A. Stephenson
Jeremy A. Stephenson, N.C. Bar 34623
525 North Tryon Street, Suite 1600
Charlotte, NC 28202
T:  704.302.1330
F:  704.302.1331
E:  Jeremy.Stephenson@wilsonelser.com
*Attorney for Defendant*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 4, 2024 the aforementioned **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS** was filed via ECF filing which will serve all counsel of record in the above-referenced matter:

>Ronald S. Lasorsa
>121 Sharpsburg Road
>Sharpsburg, KY 40374
>rsl@nobetteradvocate.com
>*Pro Se Plaintiff*

This 4th day of March, 2024.

>**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
>
>/s/ Jeremy A. Stephenson
>Jeremy A. Stephenson, N.C. Bar 34623
>525 North Tryon Street, Suite 1600
>Charlotte, NC 28202
>T: 704.302.1330
>F: 704.302.1331
>E: Jeremy.Stephenson@wilsonelser.com
>*Attorney for Defendant*