Ronald S. Lasorsa
121 Sharpsburg Road
Sharpsburg KY 40375
RSL@Nobetteradvocate.com
407-516-0196
www.nobetteradvocate.com

FILED

MAY 02 2024

PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

April 30, 2024

United States District Court
Eastern District of North Carolina
Clerk of Court
310 New Bern Avenue, Suite 174
Raleigh NC 27601

RE: Lasorsa v. Bell / No: 5:24–CV–00031-BO

Dear Clerk of Court:

I write this latest memo with a heavy heart. I now realize that Attorney Bell has misrepresented his desire to work with me to cure the ongoing criminal conspiracy being perpetrated in the ongoing Camp Lejeune litigation.

Further, Attorney Bell has committed perjury before this Court and must be held accountable for his actions.

Attorney Bell committed perjury in his "Notice filed by James Edward Bell, III regarding Response to Motion Corrected Affidavit of Defendant J. Edward Bell III" dated Tuesday, March 05, 2024.

In that motion, Attorney Bell represented to the Court that he had not been given proper notice and thus did not fail to respond within the proscribed period. The facts prove differently.

The Court docket will show I filed my complaint on January 18, 2024. **See *EDNC Pacer entry on Thursday, January 18, 2024* -** *Summons Issued as to James Edward Bell, III. (Summons issued at intake) (Rudd, D.) and **Local Rules – U.S. District Court Eastern District of North Carolina - Rule 5.1 (f)(2) Service of Documents Filed by an Unrepresented Person**: Unless the document is listed in Section V.A. of the Policy Manual, the clerk shall scan and electronically file a document submitted for filing by an unrepresented person. Except as provided for in Section VI.F of the Policy Manual, the electronic filing of the document by the clerk constitutes service on registered users in compliance with Fed. R. Civ. P. 5(b)(2)(E) and 77(d), and the deadline to respond to the document shall be calculated from the date of NEF, regardless of whether other means of service are used.*

Attorney Bell is correct in his March 5, 2024, motion; I did not file an affidavit of service with my court filings. However, that was an oversight on my behalf. Given my straightforward reading of the rule and my capacity as a Pro Se "Unrepresented Person," I assumed electronic service was adequate. However, I still had Attorney Bell served by alternate means.

I have attached the "Affidavit of Service" to cure this unintentional oversight.

In his affidavit, my process server states that he successfully served the Defendant's assistant, Morgan Derrick, on January 19 because the Defendant was "out of the country." This is a transparent lie because, just 18 minutes after this service, one day after the EDNC electronic service on January 18, I received a phone call from Mr. Bell himself.

The local rules state," *The deadline to respond to the document shall be calculated from the date of NEF, regardless of whether other means of service are used.*

I have attached a screenshot of the call's date, time, and duration from my iPhone call history.

During that 10-minute call, I expressed my intention to work collaboratively to resolve the litigation's issues. Mr. Bell also expressed his desire to collaborate, and I proceeded accordingly.

It has been almost 90 days since that conversation. After multiple attempts to speak with Mr. Bell through his counsel, I can only surmise that Mr. Bell is either working with or trying to protect the predatory Lawyers actively committing intake fraud and identity theft in the Camp Lejeune litigation.

Until now, I have been reluctant to relitigate past personal grievances. However, Mr. Bell's deafening silence compels me to present my evidence of organized crime in the American mass tort ecosystem.

By the formal procedures, please enter these five documents into the docket record:

Lasorsa Affidavit of Service, dated January 19, 2024
Lasorsa phone record, dated January 19, 2024
Lasorsa Affidavit Notarized, dated April 6, 2023
Lasorsa SEC Qui Tam Claim, dated October 7, 2022
Lasorsa Data Legal Opinion, dated November 20, 2020

In addition to these new documents, I request that both of my two previous Amicus briefs, No: 7:22-CV-168-BO, filed in the EDNC on February 24, 2023, and No: 7:23-CV-897, filed on October 13, 2023, be incorporated by reference in this motion.

It is an open secret within the general Mass Tort Plaintiffs Bar precisely who, how, and where this misconduct occurs. And, while not every Lawyer is as unethical as Attorney Rueb and Attorney Bell, there is a general complacency with established systems and procedures that have resulted in approximately 10% or more of all claims being fraudulent.

I have evidence to suggest that this is the case with the ongoing Camp Lejeune litigation.

Collectively, these documents will show the Court my ongoing effort to shield Marines and their family members from predatory lawyers like Attorney Greg Rueb and, unfortunately, Attorney Bell. For the record, Attorney Rueb has been actively acquiring cases in the litigation and cannot be trusted to behave ethically.

To that end, I amend my previous motion for a default judgment to conduct my 10,000-claim campaign as described in my last correspondence and now respectfully request sanctions for Mr. Bell's perjury.

Additionally, I withdraw my offer to work with Attorney Bell.

His apparent lack of integrity makes collaborating with him on this project impossible. Consequently, I will modify my proposal to exclude his participation as we advance.

In addition to my previous proposal to the Court, I formally offer my services to Judge Boyle to audit and then cure both Attorney Bell's and Attorney Rueb's dockets for intake fraud and the presence of third-party litigation financing by US-based organized crime or Russian, Chinese, and Iranian Sovereign Wealth funds.

I will report my findings to the Court so they may then determine the statistical probability of fraud in the total docket and investigate if deemed appropriate.

Please schedule this matter for a hearing before Judge Boyle as soon as possible so I may present my modified proposal and evidence of Attorney misconduct directly to the Court.

Sincerely,

Ronald S Lasorsa
Pro Se

Enc./