# SETTLEMENT AGREEMENT, RELEASE, CONFIDENTIALITY, AND NON-DISPARAGEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is effective as of March 19, 2019, by and among the following parties: (a) Trident Legal Services, LLC ("TLS"), a Florida limited liability company, its principal, Ron Lasorsa, and their counsel, Justinian & Associates LLC (collectively the "Trident Parties"), (b) Dalimonte Rueb Litigation Group, L.L.P. ("DRLG"), a District of Columbia limited liability partnership, and Gary Podell, Howard Berger, Greg Goldberg, John A. Dalimonte and Gregory D. Rueb (the "DRLG Parties." They are collectively, the "Parties" and each alone is a "Party.").

WHEREAS, the Trident Parties issued a demand for compensation relating to a financing transaction involving one or more of the DRLG Parties and their affiliates;

WHEREAS, the DRLG Parties have disputed the Trident Parties' demands;

WHEREAS, the Parties desire to settle their disputes amicably;

NOW, THEREFORE, in consideration of the above recitals, the covenants, agreements and representations contained herein and other good and sufficient consideration, the Parties hereto agree as follows:

1. <u>Payment</u>. DRLG shall pay to TLS the total sum of $500,000 according to the following schedule:

— $225,000 shall be paid on or before March 19, 2019; and

— each month thereafter, on the first of the month beginning on May 1, 2019, DRLG shall pay TLS an additional $25,000 per month for a total of 11 monthly payments.

— DRLG shall pay TLS in the manner designated on the attached <u>Schedule 1</u>.

— DRLG shall have a grace period of 10 days to make each payment. If DRLG fails to make a scheduled payment within the grace period, TLS shall issue a notice of default to DRLG, in accordance with the Notice provision below. If payment is not made within 5 days of the receipt of the Notice, DRLG shall be deemed in default. In the event of default, the entire unpaid balance of payments under this provision shall become immediately due and payable with interest accruing on the balance due at a rate of 18 percent per annum accruing from the date the notice of default was issued until the date of payment. Even in the event of a default by DRLG, the Parties shall remain bound by the terms of this Agreement, including the releases and the provisions concerning non-disparagement and confidentiality.

2. <u>The Trident Parties' release of the DRLG Parties</u>. The Trident Parties, on their own behalf and on behalf of their past and present shareholders, owners, subsidiaries, parent entities, affiliates, officers, directors, assigns, partners, employees, agents, servants and attorneys

CONFIDENTIAL

(collectively, "Trident Releasing Parties") hereby release and forever discharge the DRLG Parties and the DRLG Affiliates and Related Parties, as defined in Section 7 of this Agreement, and each of their predecessors, successors, past and present owners and investors, subsidiaries, parent entities, affiliates, officers, directors, assigns, partners, employees, agents, servants and attorneys (collectively, "DRLG Released Parties") from any and all claims, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or claimed, which the Trident Releasing Parties, or any of them, now own or hold or have at any time heretofore owned or held, against the DRLG Released Parties or any of them, except for the obligations under this Agreement.

       3.       The DRLG Parties release of the Trident Parties. The DRLG Parties, on their own behalf and on behalf of their past and present shareholders, owners, subsidiaries, parent entities, affiliates, officers, directors, assigns, partners, employees, agents, servants and attorneys (collectively, "DRLG Releasing Parties") hereby release and forever discharge the Trident Parties, and each of their predecessors, successors, past and present owners and investors, subsidiaries, parent entities, affiliates, officers, directors, assigns, partners, employees, agents, servants and attorneys (collectively, "Trident Released Parties") from any and all claims, demands, causes of action, obligations, damages and liabilities, known or unknown, suspected or claimed, which the DRLG Releasing Parties, or any of them, now own or hold or have at any time heretofore owned or held, against the Trident Released Parties or any of them, except for the obligations under this Agreement.

       4.       Mutual Covenant Not To Sue. The Parties hereby agree to forever refrain from commencing suit or asserting any claim or demand against another Party or any of its agents, representatives, servants, officers, directors, employees, predecessors, successors, past and present assigns, shareholders, parent corporations, subsidiaries, related corporations or attorneys, heirs, executors, administrators, successors or assigns, whether directly or indirectly, and whether in tort, contract, for statutory or administrative remedy or any other remedy whatsoever, arising out of or relating to any claim that has been released under this Agreement. The Trident Parties further covenant not to sue the DRLG Affiliates and Related Parties and any third-party company with which the Trident Parties and the DRLG Parties were involved involving any claim arising out of or relating to any claim that has been released under this Agreement, for example, Waterfall Asset Management or Stifel Financial Corp. or any of its wholly owned subsidiaries, including Stifel, Nicolaus & Company, Mass Tort Nexus, John Ray and Barbara Capasso.

       5.       No Other Lawsuits Representation. The Trident Parties warrant and represent that no actions, lawsuits, legal proceedings, or administrative complaints have been filed or advanced by any of them against the DRLG Parties and the DRLG Affiliates and Related Parties. The Trident Parties further represent that they are aware of no derogatory information about the DRLG Parties and the DRLG Affiliates and Related Parties that they believe they would be required to be reported to a governmental (e.g., SEC or DOJ) or quasi-governmental (e.g., FINRA) and that they have no intention of making any such reporting except upon request of such entity, and then subject to the notice provisions of Section 10 of this Agreement. The Trident Parties further warrant and represent that upon execution of this Agreement, they will make no derogatory statements to any person (broadly defined to include natural persons and entities) about the DRLG Parties and the DRLG Affiliates and Related Parties, related to any of

2

Case 5:24-cv-00031-BO-RN   Document 18-3   Filed 05/28/24   Page 2 of 9

the matters discussed in this Agreement, excluding statements to their counsel and as transmitted between the Parties and Historical Information as defined in Section 11 of this Agreement.

6. <u>Capacity and Authority</u>. An individual signing on behalf of an entity personally represents and warrants that that individual has legal capacity and authority to bind the entity and that the entity has duly authorized the execution of this Agreement.

7. <u>Intended Third Party Beneficiaries</u>. The Parties intend that the following persons (the "<u>DRLG Affiliates and Related Parties</u>") shall be considered third-party beneficiaries under this agreement: Dalimonte Rueb LLP, a Massachusetts limited liability partnership, Dalimonte Rueb LLP, a California limited liability partnership, Curiam Investments 1, LLC, Curiam Investments 2, LLC, and Curiam Investments 3, LLC (all three Delaware limited liability company), Curiam Capital LLC, a Delaware Limited Liability Company, Cash In Your Case LLC, a New York limited liability company, CIYC II, a Delaware limited liability company, Legal Recovery Associates LLC, a New York limited liability company, LRA SPV, LLC, a Delaware limited liability company, Mass Tort Nexus and its principal, John Ray and Barbara Capasso, and any law firm joint venture partner involved with Cash In Your Case LLC, CIYC II, Legal Recovery Associates LLC (including McSweeney Langevin DC, LLP, a D.C. limited liability partnership, and McSweeney/Langevin LL, a Minnesota limited liability partnership), and any trust created by or for the benefit of Howard Berger, Greg Goldberg, Gary Podell and their family members.

8. <u>Arbitration</u>. In the event of any future dispute between any of the Parties hereto, whether related to this Agreement or not, all Parties hereto agree that no suit may be commenced concerning such dispute. The sole method of resolving any such controversy or claim shall be by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Venue for such arbitration shall be in the City of New York. The arbitration proceeding shall be conducted on a strictly confidential basis and no Party may disclose any aspect of it, except as necessary to enforce an award or as required by a regulatory or quasi-regulatory agency or judicial body, subject then to the notice provisions of Section 10 of this Agreement.

9. <u>Agreement Confidential</u>. Except as required by law, statute, regulation, court order, accountants in preparation of tax returns or insurers, the Parties shall not at any time disclose, provide or release to any person or entity this Agreement or its contents.

10. <u>Non-Disclosure and Non-Disparagement</u>. The Trident Parties agree not to disclose or cause to be disclosed in any way, any information or documents relating to the DRLG Parties and DRLG Affiliates and Related Parties, including any trade secrets or proprietary information, that the Trident Parties obtained while working with or providing services to the DRLG Parties and the DRLG Affiliates and Related Parties. The Parties further agree not to make any disparaging or derogatory remarks, whether false or true, about any other Party, their businesses, their background, or their services except as required by a regulatory or quasi-regulatory agency or judicial body, and then subject to the notice provisions of this section. The Trident Parties' obligations under this provision shall extend to the DRLG Parties and the DRLG Affiliates and Related Parties. The DRLG Parties' obligations under this provision include taking

all action necessary to ensure that the DRLG Affiliates and Related Parties make no disparaging or derogatory remarks, whether false or true, about the Trident Parties. If a Party receives a subpoena or request for information from a governmental (e.g., SEC or DOJ) or quasi-governmental (e.g., FINRA) agency seeking information about another Party, the receiving Party shall promptly provide notice to the subject Party about the request, provided such notice is permissible under the law. If a Party receives an inquiry from a third party or the press about another Party covered by this Agreement, the receiving Party shall make no comment. WITHOUT LIMITING THE FOREGOING, AND FOR PURPOSE OF EXPLAINING THE INTENT OF THIS AGREEMENT AND THE REASON FOR THE PAYMENTS MADE HEREUNDER, THE TRIDENT PARTIES ACKNOWLEDGE AND AGREE THAT BY ACCEPTING THE PAYMENTS THEY WILL REMAIN ABSOLUTELY SILENT, PUBLICLY AND PRIVATELY, ABOUT ANY AND ALL ASPECTS OF THE DRLG AFFILIATES AND RELATED PARTIES except in response to requests by governmental or quasi-governmental entities, and then, subject to the notice provisions of this section. The Trident Parties may discuss their involvement in this dispute in a global manner that in no way identifies any other Party solely for the purpose of explaining what may otherwise appear to be non-activity during the period in dispute (hereafter "Historical Information.").

11. <u>Restrictions on Marketing</u>. The Trident Parties covenant and agree that they will not refer to their relationship with the DRLG Parties for purposes of marketing or promotion. This restriction includes any mention of the DRLG Parties and the DRLG Affiliates and Related Parties by name and any description of prior transactions involving the DRLG Parties and the DRLG Affiliates and Related Parties, with the exception of the provision of Historical Information. Without limiting the foregoing, to fulfill their obligations under this provision, the Trident Companies shall review the contents of any website that they maintain or control and shall remove any mention of the DRLG Parties and DRLG Affiliates and Related Parties or any description of transactions involving them.

12. <u>Return or Destruction of Parties.</u> The Trident Parties shall return or destroy any due diligence materials or other information received from the DRLG Parties and the DRLG Affiliates and Related Parties. Within 15 days of the execution of this Agreement, the Trident Parties shall issue a certification in accordance with the Notice provisions of this Agreement that certifies the return or destruction of any and all materials covered by this section.

13. <u>Liquidated Damages</u>. The Parties agree that damages resulting from a breach of the confidentiality and non-disparagement provisions of this Agreement may be difficult or incapable of being ascertained or valued. In the event that the Trident Parties breach any such provision, they shall be liable, jointly and severally, to the affected DRLG Parties and DRLG Affiliates and Related Parties for liquidated damages equal to all monies paid under this Agreement plus interest at the rate of 18% per annum from the date of any breach to the date of payment, plus any reasonable attorney's fees incurred by the DRLG Parties and the DRLG Affiliates and Related Parties in proving such violation, in enforcing this Agreement, and in collecting damages, and the DRLG Parties would have no further obligation to make any payments under this Agreement. Nothing in this section limits the damages that the Trident Parties may seek for breach.

14. <u>Injunctive Relief.</u> As a specific exception to the mandatory arbitration provision above, the Trident Parties agree that the DRLG Parties and the DRLG Affiliates and Related Parties would be irreparably damaged if the Trident Parties breach their confidentiality and non-disparagement obligations as described above. Therefore, the Trident Parties agree and acknowledge that in addition to the remedies available in arbitration, the DRLG Parties and the DRLG Affiliates and Related Parties will be entitled to file a court action for appropriate equitable relief, including an injunction and/or temporary restraining order, without any bond or other security, if the Trident Parties breach or threaten to breach all or any of these obligations. Similarly, in addition to the remedies available in arbitration, the Trident Parties will be entitled to file a court action for appropriate equitable relief, including an injunction and/or temporary restraining order, without any bond or other security, if the DRLG Parties or DRLG Affiliates or Related Parties, breach or threaten to breach all or any of these obligations. In such an action, any information that is required to remain confidential shall be filed under seal. Nothing in this provision shall preclude the Parties from obtaining preliminary or final equitable relief through Arbitration.

15. <u>Notices to DRLG Parties</u>. Notices to the DRLG Parties shall be delivered by e-mail and mail to the following addresses:

Greg Goldberg
1400 Old Country Road
Suite 305
Westbury, NY 11
ggoldberg@legalrecover.com

Gregory D. Rueb, Esq.
1250 Connecticut Ave. NW
Ste 200
Washington, DC 20036
Email: greg@drlawllp.com

With a copy to:
Andrew T. Solomon, Esq.
Solomon & Cramer LLP
PO Box 202
Old Westbury, NY 11568
asolomon@solomoncramer.com

16. <u>Notices to Trident Parties.</u> Notices to the Trident Parties shall be delivered by e-mail and U.S. mail to the following addresses:

Mr. Ron Lasorsa
Chief Executive Officer
Trident Legal Services, LLC
200 E. Robinson St., Ste 950
Orlando, FL 32801
E-mail: rlasorsa@tlsprime.com

With a copy to:
Erik Walker, Esq.
Justinian Associates PLLC
8770 Research Blvd
Austin, TX 78758
Email -----

17. <u>Notices Effective</u>. All notices sent in accordance with Sections 15 and 16 of this Agreement shall be effective once all of the addressees have been emailed. The Parties shall update any changes to their notice addresses, and without such update, the addresses listed in this Agreement shall be conclusively valid. Any legal process may be served in accordance with this Section 17 of this Agreement. All notices and other communications pursuant to this Agreement shall be in writing.

18. <u>Choice of Law</u>. This Agreement shall be governed by the laws of the State of New York without regard for its choice of law provisions.

19. <u>Choice of Forum.</u> Any action arising out of or relating to this Agreement and any other dispute now or in the future among the Parties shall be brought exclusively in a state or federal court located in the City of New York.

20. <u>Construction.</u> The terms of this Agreement shall be interpreted to effectuate its purpose to the broadest possible extent. Thus, the words "include" or "including" shall be deemed to be followed by "without limitation." The words "and" or "or" shall not be deemed restrictive or inclusive. When persons are linked by the phrase "and," it shall be deemed to mean "and/or."

21. <u>Severance.</u> If any of the provisions, terms or clauses of this Agreement are declared illegal, unenforceable or ineffective in any legal forum, those provisions, terms and clauses shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain valid and binding upon the Parties.

22. <u>Entire Agreement</u>. This Agreement is the entire agreement between the Parties concerning its subject matter. By executing this Agreement, all existing contracts, agreements, negotiations, or other duties as between the Trident Parties, on the one hand, and the DRLG Parties, on the other, are discharged, released, and cancelled.

23. <u>Prevailing Party</u>. If any Party to this Agreement brings an action or commences any proceeding, including arbitration, to enforce or interpret its provisions, the prevailing Party shall recover its reasonable attorneys' fees and other expenses incurred in connection with any such action or proceeding in addition to any other relief to which such party may be entitled.

24. <u>Amendments</u>. This Agreement may be amended only by a writing signed by all Parties affected by such amendment.

25. <u>Binding Effect</u>. The Parties intend for the confidentiality and non-disparagement provisions of this Agreement to have the broadest possible legal and practical effect. This Agreement is binding on the Parties, their agents, their retained professionals, and anyone in their control or acting on their behalf, their successors and assigns, including, (a) for the Trident Parties, the following affiliates and related parties: Trident Alliance Holdings, LLC, Trident Legal Network SPV 1, LLC, RSL Capital, LLC, RSL SPV1, Inc., and (b) for the DRLG Parties, the following affiliates and related parties: Dalimonte Rueb LLP (Mass.), Dalimonte Rueb LLP (CA), Cash In Your Case LLC, CIYC II, Legal Recovery Associates LLC, LRA SPV, LLC, Legal Recovery Associates LLC and any trust created by or for the benefit of Howard Berger, Greg Goldberg, Gary Podell and their family members. This Agreement is intended to benefit

CONFIDENTIAL

the Parties and their affiliates, principals, agents, and retained professionals, and their successors and assigns. The Parties that are entities further covenant and agree to take all reasonable steps to ensure that persons within their organization, who are not principals or named parties to this Agreement, abide by the confidentiality and non-disparagement provisions of this Agreement.

26. THE PARTIES EXPRESSLY ACKNOWLEDGE, REPRESENT, AND WARRANT THAT THEY HAVE CAREFULLY READ THIS AGREEMENT; THAT THEY FULLY UNDERSTAND THE TERMS, CONDITIONS, AND SIGNIFICANCE OF THIS AGREEMENT; THAT THEY ACKNOWLEDGE THAT THE CONSIDERATION PROVIDED UNDER THIS AGREEMENT IS IN ADDITION TO ANYTHING OF VALUE TO WHICH THE PARTIES ARE ALREADY ENTITLED; THAT THEY HAVE CONSULTED WITH THEIR RESPECTIVE ATTORNEYS CONCERNING THIS AGREEMENT; THAT THEY HAVE HAD AMPLE OPPORTUNITY TO NEGOTIATE THROUGH THEIR ATTORNEYS AND CONSIDER THIS AGREEMENT; AND THAT THEY HAVE EXECUTED THIS AGREEMENT VOLUNTARILY, KNOWINGLY, AND WITH SUCH ADVICE FROM THEIR ATTORNEYS AS THEY DEEMED APPROPRIATE.

27. <u>Counterparts</u>. This Agreement may be executed in counterparts and signatures may be exchanged by email, with a pdf copy being of the same effect as an original signature.

REMAINDER OF PAGE INTENTIONALLY BLANK WITH SIGNATURE PAGE AND SCHEDULE 1 TO FOLLOW

7

Case 5:24-cv-00031-BO-RN   Document 18-3   Filed 05/28/24   Page 7 of 9

CONFIDENTIAL

*[signature]*
RON LASORSA

JUSTINIAN & ASSOCIATES PLLC

*[signature]*

By: Erik Walker
Title: Partner

_____
Howard Berger

_____
Greg Goldberg

_____
Gregory D. Rueb

TRIDENT LEGAL SERVICES, LLC

_____
By: Ron Lasorsa
Title: Managing Member

DALIMONTE RUEB LITIGATION GROUP, L.L.P.

*Gregory D. Rueb*
By: Gregory D. Rueb

_____
Gary Podell

_____
John A. Dalimonte

8

## Manner of Payment

**SETTLEMENT/WIRE INSTRUCTIONS:**

Trident Alliance Holdings LLC.
200 E. Robinson St. Suite 950
Orlando Fl. 32801

Bank: Chase
Bank Address: 2424 Edgewater Dr. Orlando Fl. 32801
ABA: 267084131
Account: 277323728
Account Name: Trident Alliance Holdings LLC