June 21st, 2023

To Whom It May Concern:

This letter explains my judgment in a dispute with the Dalimonte Rueb Litigation Group, L.L.P., and Attorney Gregory D. Rueb.

In summary, I intentionally violated a non-disclosure/non-disparagement agreement to secure a monetary judgment against me in anticipation of this security offering with an ulterior motive.

While counterintuitive, my reason for this action was that, under the terms of that N.D.A. contract, I was required to remain absolutely silent on a significant portion of my relevant asset management skills and consequently was prevented from providing investors documented proof of my extensive track record in the highly profitable yet little-known asset class of mass tort litigation finance.

The only exemption in the N.D.A. contract was in response to a governmental or quasi-governmental agency's request.

By securing a nominal financial judgment against myself and launching a Reg D and Reg C.F. securities offering, I knew S.E.C. regulations would require me to disclose this judgment to all potential investors. Thus, I ensured that I can now provide all the documented proof of a previous transaction that has generated more than $500MM in legal fees.

It should be noted in the arbitrator's partial final award that:

1- The arbitrator specifically says he was not taking a position on my underlying claims that Attorney Rueb acted illegally or unethically. The arbitrator only ruled on my admitted intentional violation of the contract's non-disclosure and non-disparagement provisions.

2- Attorney Rueb only sought to make me remain absolutely silent about our association, withdraw my bar complaints, and pay him a monetary settlement.

3- In the arbitration, Attorney Rueb admitted he did business with both a convicted felon and an S.E.C. Bad Actor; however, since both the felon and S.E.C. bad actor committed their crimes before 2012, neither had technically violated the Reg D rules.

4- It should be noted that Attorney Rueb never once disputed my claims that he knowingly engaged in fraud by committing identity theft. In fact, Attorney Rueb specifically denied that he had ever retained my services, which, if true, then why did he pay me $500k to remain absolutely silent about our business association?

5- It should also be noted that neither the final judgment itself, nor any of the acts I disclose in my affidavit are considered Rule 506 disqualifying events. I knew I would be required to disclose

this judgement. Thus, I can now provide potential investors full access to all the underlying contracts and documentation to conduct due diligence on my offerings.

I am happy to allow all parties to determine my personal integrity and litigation finance skills when considering their investment in my project based on the totality of the documentation I must disclose.

Respectfully,

Ron Lasorsa