**AMERICAN ARBITRATION ASSOCIATION**
**Commercial Arbitration Tribunal**

In the Matter of the Arbitration between

Case Number: 01-22-0005-0289

Dalimonte Rueb Litigation Group, L.L.P. and
Gregory D. Rueb         "Claimants"
-vs-
Ronald S. Lasorsa        "Respondent"

**FINAL AWARD OF ARBITRATOR**

I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties and dated March 19, 2019, and having been duly sworn, and having duly heard the proofs and allegations of the Claimants, represented by Andrew Solomon, Esq., Paul Summit, Esq., and Clark Freeman, Esq., and Respondent, appearing *Pro Se*, and oral argument having been held via videoconference on May 8, 2023, hereby AWARD as follows:

1. Consistent with the Partial Final Award issued on June 1st, 2023, Claimants have submitted a number of invoices listing the sums requested as damages, interest, as well as attorneys' fees.[1]

2. As determined in the Partial Final Award dated June 1, 2023, the Tribunal orders Respondent to pay the amount of USD 500,000.00 (five hundred thousand United States dollars) to the Claimants as compensation for the damages Claimants suffered as a result of Respondent's contractual breach.

3. Furthermore, the Tribunal finds that under Section 13 of the Settlement Agreement, Respondent must pay interest on the amount mentioned above at the rate of 18% per annum. The interest started accruing on the date of the first breach, namely November 20th, 2022,[2] until the date the Partial Final Award was issued, on June 1st, 2023, totaling 193 days. Therefore, the Tribunal orders Respondent to pay the amount of USD $47,589.04 (forty seven thousand five hundred and eighty nine United States dollars and four cents) in pre-award interest.

4. Finally, the Tribunal found in its Partial Final Award that Respondent must compensate Claimants for the amount expended in attorneys' fees. The Tribunal has reviewed the invoices submitted by Claimants, including

---

[1] See Dalimonte v. Lasorsa, Case Number: 01-22-0005-0289, Partial Award, para. 78 (June 1st, 2023).
[2] See Dalimonte v. Lasorsa, Case Number: 01-22-0005-0289, Partial Award, para. 34, 46 (June 1st, 2023).

applicable rates and discounts, and found the sums therein reasonable in accordance with Rule 47(d) of the AAA Commercial Arbitration Rules. Therefore, the Tribunal orders Respondent to pay USD 59,751.18 (fifty nine thousand seven hundred and fifty one United States dollars and eighteen cents) to Claimants as reimbursement of attorneys' fees. The Tribunal finds that the amounts Claimants disbursed on contract paralegals do not constitute attorneys' fees, and therefore are not recoverable.

The administrative fees of the American Arbitration Association totaling $5,500.00 and the compensation of the Merits Arbitrator totaling $47,523.00 shall be borne by Claimants. The compensation of the Emergency Arbitrator totaling $24,510.00 shall be borne as incurred.

This Final Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.



Jun 29 2023
Date                                  Daniel A. Schnapp

I, Daniel A. Schnapp, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Final Award.

Jun 29, 2023
Date                                  Daniel A. Schnapp

AAA Case No. 01-22-0005-0289
US_ACTIVE\123864955\V-2

2

# Background Check Authorization



Print Name: __Ronald Scott Lasorsa__

I hereby authorize North Capital Private Securities Corporation and its designated agents and representatives to conduct investigations and inquires into my employment, criminal, educational, and other related matters as may be necessary in arriving at a decision for future business opportunities to include but not limited to project funding.

North Capital Private Securities Corporation and its designated agents and representatives shall maintain all information received from this authorization in a confidential manner in order to protect the applicant's personal information, including, but not limited to, addresses, phone numbers, and dates of birth.

I hereby release employers, schools, and other persons from all liability in responding to inquires connected with my application and I specifically authorize the release of information from but not limited to any schools, businesses, individuals, services or other entities that may be discovered during this search. I authorize North Capital Private Securities Corporation and its designated agents and representatives to share and retain any information, records and data received in connection with this authorization with their partners and clients as deemed appropriate by them as may be related to the relevant business opportunity and as required or advisable to comply with any applicable legal and regulatory obligations

Unless covered by a third party, I understand the fee for the investigations and inquiries authorized by me herein is $100, which I agree to pay or cause to be paid at the time of this authorization. I understand this fee is non-refundable regardless of my or North Capital Private Securities Corporation's decision to enter into a business relationship. I authorize North Capital Private Securities Corporation and its designated agents and representatives to charge the $100 fee to the credit card on file.

I acknowledge that I have read this authorization and release, fully understand it, and voluntarily agree to its provisions.

Applicant Signature: _[signed]_      Date: __6/21/23__

## REQUIRED INFORMATION - PLEASE HAVE ALL "COVERED PERSONS" COMPLETE THIS FORM.

Print Name: __Ronald Scott Lasorsa__      Social Security #: __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__

Former Names / Dates used: __N/A__

Current Address: __699 92nd Ave N, Naples FL 34108__

Former Address (if at current address less than 1 year): __1311 E Park Circle Tampa FL 33604__

Date of Birth: __8/22/66__   Telephone #: __407-516-0196__   Email: __RSL@victorydfi.com__

Check One:   ☒ I am a U.S. Citizen      ☐ I am not a U.S. Citizen

Are you working with a funding portal, broker dealer, or funding platform?   ☒ Yes ☐ No
If yes, please specify: __ChainRaise.10__

## ATTESTATIONS

Have you committed any bad acts as defined in Rule 506(d) of Regulation D?   ☐ Yes ☒ No

Have you ever been convicted of a federal, state, or municipal criminal offense?   ☐ Yes ☒ No

Do you or your affiliates currently have any pending legal litigation against you?   ☐ Yes ☒ No

Do you or your affiliates currently have any judgments?   ☒ Yes ☐ No

Have you or your affiliates ever filed for bankruptcy, had a foreclosure, or granted a deed in lieu of foreclosure?   ☐ Yes ☒ No

Any investor lawsuits, stop orders, SEC/ FINRA proceedings, state securities proceedings?   ☐ Yes ☒ No

*If you responded "Yes" to any of the above attestations, please provide a signed written explanation of each.*

June 21st, 2023

To Whom It May Concern:

This letter explains my judgment in a dispute with the Dalimonte Rueb Litigation Group, L.L.P., and Attorney Gregory D. Rueb.

In summary, I intentionally violated a non-disclosure/non-disparagement agreement to secure a monetary judgment against me in anticipation of this security offering with an ulterior motive.

While counterintuitive, my reason for this action was that, under the terms of that N.D.A. contract, I was required to remain absolutely silent on a significant portion of my relevant asset management skills and consequently was prevented from providing investors documented proof of my extensive track record in the highly profitable yet little-known asset class of mass tort litigation finance.

The only exemption in the N.D.A. contract was in response to a governmental or quasi-governmental agency's request.

By securing a nominal financial judgment against myself and launching a Reg D and Reg C.F. securities offering, I knew S.E.C. regulations would require me to disclose this judgment to all potential investors. Thus, I ensured that I can now provide all the documented proof of a previous transaction that has generated more than $500MM in legal fees.

It should be noted in the arbitrator's partial final award that:

1- The arbitrator specifically says he was not taking a position on my underlying claims that Attorney Rueb acted illegally or unethically. The arbitrator only ruled on my admitted intentional violation of the contract's non-disclosure and non-disparagement provisions.

2- Attorney Rueb only sought to make me remain absolutely silent about our association, withdraw my bar complaints, and pay him a monetary settlement.

3- In the arbitration, Attorney Rueb admitted he did business with both a convicted felon and an S.E.C. Bad Actor; however, since both the felon and S.E.C. bad actor committed their crimes before 2012, neither had technically violated the Reg D rules.

4- It should be noted that Attorney Rueb never once disputed my claims that he knowingly engaged in fraud by committing identity theft. In fact, Attorney Rueb specifically denied that he had ever retained my services, which, if true, then why did he pay me $500k to remain absolutely silent about our business association?

5- It should also be noted that neither the final judgment itself, nor any of the acts I disclose in my affidavit are considered Rule 506 disqualifying events. I knew I would be required to disclose

this judgement. Thus, I can now provide potential investors full access to all the underlying contracts and documentation to conduct due diligence on my offerings.

I am happy to allow all parties to determine my personal integrity and litigation finance skills when considering their investment in my project based on the totality of the documentation I must disclose.

Respectfully,

Ron Lasorsa